### Albert Burnett v. The State.

#### No. 2541. Decided October 29, 1902.

**1.—Adultery—Indictment—Proof.**

Where an indictment for adultery charged a living together and carnal intercourse, to warrant a conviction, the proof must show that the parties abided together in the same habitation as a common or joint residing place.

**2.—Same.**

See opinion for facts stated, held insufficient to warrant a conviction for adultery, it being charged that the parties lived together and had carnal intercourse with each other.

Appeal from the ounty Court of Bowie. Tried below before Hon. A. S. Watlington, County Judge.

Appeal from a conviction of adultery; penalty, a fine of $100.

The opinion states the facts.

No brief on file for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted and fined $100, under an indictment charging adultery, in that he lived with and had carnal intercourse with Nancy Hooks. This is the only phase of the statute charged. In order to support this conviction, the evidence must show that the parties lived or resided together and had carnal intercourse with each other. There are two modes by which this offense may be committed—first, by living together, and carnal intercourse of

a man and woman, where one of the parties is married to some other person; and second, by habitual carnal intercourse of such parties without living together.   Under the law as it now exists, living together means that the parties dwell or reside together,—abide together in the same habitation as a common or joint residing place.   Bird v. State, 27 Texas Crim. App., 635.   The evidence shows that appellant had rented land upon one farm, and Nancy Hooks, his codefendant, upon another farm, and it is further shown that appellant had some land rented upon the same plantation or farm where his codefendant lived. The uncontroverted facts show that each one had a residence, and that they were a mile or more apart; that each lived in his or her own residence.   The State seems to have relied upon the fact that the parties were seen frequently together, both in public and private; that appellant would escort his codefendant to town and church, and such public places as they saw proper to attend; that he was seen frequently at her house, and that she was seen several times at his house during the daytime; that he assisted her and some other women in hauling their crops, and they assisted him in gathering his crop and in doing some work about his house; that he had practically no use of one hand, by reason of it being crippled in some way, and only partial use of the other; and these women would assist him in gathering the crop, he doing the hauling.   On one occasion one of the witnesses testified that he went to the house of Nancy Hooks to see defendant, early in the morning, to obtain the return of some whisky he had loaned appellant, and that when he arrived there appellant was in her room, partially dressed, or, as the witness puts it, buttoning up his pants; that his codefendant, Nancy Hooks, on this occasion occupied one bed jointly with one of her children, and another bed in the room was occupied by her other childern. These are the facts shown upon the trial, which, in our opinion, do not sustain the charge in the indictment that the parties lived or resided together.   The view we take of the record renders it unnecessary to pass on the exceptions reserved to the admission of testimony.   Because the evidence does not sustain the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*