## LIZZIE SIMMONS v. THE STATE.

### No. 3993. Decided March 15, 1916.

### Rehearing denied April 5, 1916.

**1.—Adultery—Evidence—Defendant as a Witness—Warning—Duress.**

Where, upon trial of adultery, it appeared upon appeal that the appellant was brought before the grand jury and there testified, without being properly warned, and was made to tell to whom and when she was married, and then locked up in jail, it was reversible error to permit the foreman of said grand jury over the objection of the defendant, to testify as to what she had testified to before the grand jury. Following Wood v. State, 22 Texas Crim. App., 431, and other cases.

**2.—Same—Indictment—Spouse—Surplusage.**

In the offense of adultery it is unnecessary for the indictment to allege the name of the person to whom the accused is married, and if alleged it may be treated as surplusage. Following Goodwin v. State, 70 Texas Crim. Rep., 600, and other cases.

**3.—Same—Evidence—Husband and Wife—Presumption.**

The presumption in law and in fact is that where one of the parties to the offense of adultery is married as alleged, that said spouse is still living, unless other proof is introduced to show the death of such spouse before the offense was committed, and it is not necessary, otherwise, to show by positive proof that such spouse is actually living at the time of the alleged offense.

Appeal from the County Court of Ellis. Tried below before the Hon. W. M. Tidwell.

Appeal from a conviction of adultery; penalty, a fine of $100.

The opinion states the case.

*W. H. Fears* and *J. C. Lumpkins,* for appellant.—On question of admitting testimony of foreman of grand jury: Fry v. State, 58 Texas Crim. Rep., 169, and cases cited in opinion.

*C. C. McDonald,* Assistant Attorney General, and *Tom. Whipple,* County Attorney, for the State.

PRENDERGAST, PRESIDING JUDGE.—This is an appeal from a conviction for adultery, with the lowest fine assessed.

Appellant's bill of exceptions No. 3, in substance and in effect, shows that, while the grand jury was investigating this case, they had appellant brought before them on a subpoena. They administered to her the oath required by law, and at the time explained to her the nature of that oath, and told her that she had to tell the truth to whatever question that was asked her, and, if she did not tell the truth, they would send her to the penitentiary. They did not warn her that she had the right to testify or not as to anything that would implicate her in the offense. They then asked her whether she was a married woman, and she thereupon answered that she was, and told to whom and when she was married. Immediately upon the close of her testimony they delivered her to the constable, the officer who had summoned and brought her before them, with instructions to lock her up in jail, which was done. Soon afterwards the grand jury returned the indictment in this case against her. On this trial they introduced the foreman of the grand jury and permitted him, over her objections, to testify what she had testified before the grand jury. The admission of the grand juror's testimony was clearly erroneous and must result in the reversal of the judgment. (Wood v. State, 22 Texas Crim. App., 431; Gilder v. State, 35 Texas Crim. Rep., 360; Calloway v. State, 55 Texas Crim. Rep., 262; Fry v. State, 58 Texas Crim. Rep., 169.) It is unnecessary to cite other cases.

In the offense of adultery, it is unnecessary for the indictment to allege the name of the person to whom an accused is married. Even, if alleged, it may be treated as surplusage. (Bodkins v. State, 172 S. W. Rep., 216; Goodwin v. State, 70 Texas Crim. Rep., 600.) However, it would be better not to allege the name of the husband or wife to whom an accused is married. When proper evidence that one or the other of the parties to the offense of adultery is married as alleged, it would not be necessary for the State to prove that the husband or wife, by positive proof, was actually living at the time of the alleged offense, especially when proof is made that the husband or wife, as the case may be, was living within a year prior thereto. Both the presumption in law and in fact would be that the party was still living, unless other proof was introduced to show the death of the party before the offense was committed.

It is unnecessary to discuss any of the other questions raised. For the error in admitting the testimony of the foreman of the grand jury will cause the reversal of this case.

*Reversed and remanded.*

[Rehearing refused April 5, 1916.—Reporter.]