### ADA ALLEN v. THE STATE.

#### No. 4173. Decided October 11, 1916.

**1.—Disorderly House—Sufficiency of the Evidence.**

Where, upon trial of keeping a bawdy house, the evidence was sufficient to sustain the conviction, there was no reversible error. However, the fact that defendant hired and used a livery stable rig twice, should not be admitted in evidence upon another trial.

**2.—Same—Grand Jury—Incriminating Evidence.**

Where, upon trial of keeping a bawdy house, the record showed on appeal that the defendant without proper warning was required to testify before the grand jury, incriminating herself, and that this matter was testified to by some of the grand jurors upon defendant's trial, the same is reversible error. Following Simmons v. State, 184 S. W. Rep., 226.

Appeal from the County Court of Comanche. Tried below before the Hon. J. H. McMillan.

Appeal from a conviction of keeping a bawdy house; penalty, a fine of two hundred and twenty-five dollars and sixty days confinement in the county jail.

The opinion states the case.

*A. B. Haworth,* for appellant.—On question of admitting grand jury testimony: Wood v. State, 3 S. W. Rep., 336, and case cited in opinion.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—By complaint and information filed March 18, 1916, appellant was charged in one count with being a common prostitute on or about May 1, 1914, and continuously thereafter; and in another, with unlawfully keeping, and being concerned in keeping, a bawdy house and a house of prostitution, on or about the same time, and was convicted on both counts.

A considerable number of questions are raised. We have considered them all, though it is unnecessary to state or discuss them. The evidence was amply sufficient to sustain the conviction. While the bills as qualified, except one, present no reversible error, we would suggest that on another trial the testimony of the liveryman that appellant hired and used his rigs twice, should not be admitted if nothing else is shown relative thereto than the mere fact that she hired and used these rigs.

Her bill No. 5, which is in every way full and proper, taken at the proper time, and in the proper manner, shows, in substance, that the court, over her objections, permitted two of the grand jurors to testify, in substance, that the grand jury had her brought before them, at the April term, 1915, on a subpoena, evidently then investigating these charges against her, and that while being interrogated before that body, she stated under oath that she had not lived a virtuous life, but that she had resolved to do better, and that she "was forced to appear before said grand jury and to testify and that she was not by anybody at said time or before advised that she did not have to tell anything or testify to anything that would incriminate herself; and that she was not warned or told that anything she might say or tell against herself could be used against her in a criminal prosecution against her for said offense or for any offense connected with or growing out of said acts or facts testified about; and that she was not warned that said testimony could be or might or would be used against her upon a prosecution involving her virtue and acts and conduct of that character, etc.," which was clearly requiring her to testify to incriminating testimony against her, without any warning whatever. Admission of this testimony was error, as has many times been held by this court, and requires a reversal. Simmons v. State, 79 Texas Crim. Rep., 341, 184 S. W. Rep., 226, and authorities there cited.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*