# DECEMBER, 1916

### JESS LUNSFORD v. THE STATE.

#### No. 4302. Decided December 6, 1916.

**1.—Theft—Information—Name of Party Injured—Idem Sonans.**

Where the pleadings alleged that the cotton was stolen from "Dad" McKeg, and that he was the owner, etc., and the proof showed that his initials were *J. D.* and that his name was spelled *McCaig*, but that he was known and called as alleged in the information, and that his name was spelled both ways, etc., this was idem sonans.

**2.—Same—Evidence—Describing Location—Letters—Inquiry—Observations—Tracks.**

Upon trial of petty theft, there was no error in admitting testimony describing location and routes, and the letters found on the shoulder straps of the sack in which the stolen cotton was contained, and that the owner tried to find out by inquiry where the cotton came from; that he made observations on the ground of certain tracks, etc., without stating what he learned by making the inquiry, there was no reversible error.

**3.—Same—Evidence—Tracks—Shoes—Arrest.**

In the absence of a showing that defendant was under arrest when he made certain statements, there was no error in admitting them, nor in admitting testimony as to the measurement of tracks by certain shoes.

**4.—Same—Evidence—Hearsay.**

Upon trial of petty theft, it was error to admit in evidence testimony as to what witness heard in the absence of the defendant and which was clearly hearsay.

**5.—Same—Evidence—Other Offenses—Rule Stated.**

The rule is that when an extraneous crime is a part of the res gestae or tends to connect defendant with the offense for which he is on trial, proof of same is admissible, but testimony showing that other goods were identified by another person than the witness was hearsay and inadmissible.

**6.—Same—Requested Charge.**

Where the court's charge on circumstantial evidence was substantially the same as set out in the requested charge, there was no error in refusing the latter.

**7.—Same—Evidence—Sufficiency of the Evidence**

Where, upon trial of petty theft, the evidence was sufficient to sustain the conviction, although wholly circumstantial, there was no error in refusing a requested charge to acquit.

Appeal from the County Court of Johnson. Tried below before the Hon. B. Jay Jackson.

Appeal from a conviction of petty theft; penalty, a fine of one hundred dollars and six months confinement in the county jail.

The opinion states the case.

*W. B. Featherston* and *W. E. Myres* for appellant.—On question of declarations of defendant: Calloway v. State, 55 Texas Crim. Rep., 262.

On question of other offenses: Lightfoot v. State, 106 S. W. Rep., 345; Hill v. State, 44 Texas Crim. Rep., 603.

On question of court's charge on circumstantial evidence: Beaver v. State, 86 S. W. Rep., 1020.

On question of insufficiency of the evidence: Brooks v. State, 56 Texas Crim. Rep., 513.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—Appellant was convicted for stealing some seed cotton.

The evidence was wholly circumstantial and was ample to sustain the conviction. Hence, appellant's charge to peremptorily acquit was correctly refused.

The pleadings alleged that the cotton was stolen from "Dad" McKeg, and that he was the owner, etc. He testified that his initials were *J. D.* and that his name was spelled *McCaig*, but that he was known and called as alleged in the pleadings and that his name was often spelled *McKeg* insted of *McCaig*. The names were *idem sonans*. (2 Vernon's C. C. P., p. 203.) Again, the universal rule in this State is, that if the injured party was generally known by the name alleged, it is immaterial what the true name was. And if the injured party is known by one name as well as another, it is immaterial which is his true name. And in either event, there is no variance. (White's Ann. C. C. P., sec. 340; 1 Branch's Ann. P. C., p. 238.)

That Dud Sanders testified, in describing the locations, what road or route he would travel in going to Fort Worth presents no error. This witness could also properly testify as to the letters he found on the shoulder strap of the sack in which the cotton was contained, and he could also testify that he tried to find out by inquiry where the cotton came from, and that he made observations on the ground, which consisted of his telling about the cotton, the tracks of two persons around about it and that he found where an automobile had stopped and leaked oil, or oil was there found, upon the ground, and such like testimony. He was not permitted to testify what he learned by making inquiry. Perhaps his testimony that he learned later whose sack it was by making inquiry since then might not be admissible, but that alone would not present reversible error.

The county attorney testified that he took a pair of Clifford Morgan's shoes and a pair of appellant's out with him where this cotton was found, and that appellant's shoes were tennis shoes. He further testified about finding tracks of persons there and fitting the shoes in them. This testimony was all properly admissible He then further testified that appellant told him that his shoes which he had thus taken out were the shoes he had on on the Sunday night in ques-

tion, which was the night of the theft. What he testified appellant thus told him was objected to by appellant The bill does not disclose enough for us to determine whether this testimony was admissible or not. The county attorney had further stated that appellant was not in jail nor under arrest at the time he made the statement, but that he was in the county attorney's office before a court of inquiry at the time. Whether he gave this testimony before the court of inquiry or made the statement personally to the county attorney at the time is not disclosed; nor is it disclosed whether, if before the court of inquiry, he had been duly warned. We, therefore, can not tell whether this testimony was admissible or not. If it was made in appellant's testimony before the court of inquiry, it would be inadmissible if it was done under such circumstances as is covered by the decision in Simmons v. State, 79 Texas Crim. Rep., 341, 184 S. W. Rep., 226, and cases there cited. If he was properly warned, then it would be admissible. If it was a personal statement to the county attorney, it would be admissible. We state these matters in order that the testimony may properly be admitted or excluded, as the facts may develop on another trial.

The county attorney was further permitted to testify, over appellant's objections, that he heard the testimony of Clifford Morgan, it seems, at the same inquiring investigation, and then proceeded to tell, as shown by bill No. 5, what Morgan had testified on that occasion. At the time appellant objected it was not made certain whether appellant was present and heard Morgan's testimony or not, but later, by the testimony of Mr. Featherston, it was made certain that appellant was not present at that time, and after this developed, appellant sought to have the testimony excluded from the jury, but the court refused to exclude it. This testimony of Morgan's, as testified to by the county attorney, under the circumstances, was clearly hearsay. It was injurious to appellant, and presents error, for which the judgment must be reversed.

Ferd Hamilton testified, among other things, that he remembered about some cotton being found in his pasture about September 4th or 5th; that he himself found the cotton. He then was permitted to testify, over appellant's objection, that Lon Farris identified two sacks of the cotton as his. Appellant objected to this testimony in substance on the ground that it was an effort on the part of the State to show another and different theft from that alleged in the pleadings. The evidence showed that other cotton in sacks was found at the same time and place with that alleged to have been stolen from McKeg and was stolen at the same, or about the same, time. This testimony was admissible as against that objection by appellant; or rather, Farris himself could have so testified. The rule is, that when an extraneous crime is a part of the res gestae, or tends to connect defendant with the offense for which he is on trial, proof of same is admissible. (1 Branch's Ann. P. C., sec. 166, p. 98, where a large number of authorities are

collated.)    But that particular testimony by Hamilton that Farris did identify two sacks of the cotton as his, was hearsay and inadmissible. (2 Branch's Ann. P. C., p. 1343.)    On another trial, as stated, Farris could testify that he saw and identified two sacks of the cotton as his, but Hamilton should not be permitted to state that Farris did so. Testimony showing that other cotton was stolen about the same time McKeg's was, and found at the time and place his was, is admissible if appellant is shown to be illegally connected therewith.

The charge of the court on circumstantial evidence is word for word the same as that requested by appellant with the single exception that that requested by appellant added the one word "charged" to the end of the court's charge.    We think appellant's complaint on this score is hypercritical.    Either charge, so far as appellant's objections are concerned, would have been proper.    The addition of said word would have made no difference.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

HARPER, JUDGE, absent.