## WONG GOON LET v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.   October 15, 1917.)

### No. 2976.

1. CRIMINAL LAW ⬥➖656(1)—TRIAL—CONDUCT OF JUDGE.
   In a prosecution for adultery, remarks by the trial judge to accused's alleged paramour, who was called as a witness, that no one would hurt her, that she should not cry, and should speak so she could be heard, did not show prejudice against accused, though the trial judge adressed the alleged paramour as little girl, and advised her of her rights against self-incrimination.

2. ADULTERY ⬥➖14—EVIDENCE—SUFFICIENCY.
   Evidence *held* sufficient to sustain a conviction of adultery.

3. ADULTERY ⬥➖8—INDICTMENT—VARIANCE.
   Where, in a prosecution for adultery, there was evidence that at the time of the offense accused was married to one other than his alleged paramour, variance between the allegation and evidence, as to the name of accused's wife, was immaterial.

Appeal from the District Court of the United States for the Territory of Hawaii; Horace W. Vaughan, Judge.

Wong Goon Let was convicted of crime, and he appeals. Affirmed.

Bitting & Ozawa, of Honolulu, T. H., for appellant.

S. C. Huber, U. S. Atty., and James J. Banks, Asst. U. S. Atty., both of Honolulu, T. H., and John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT and HUNT, Circuit Judges, and WOLVER-TON, District Judge.

HUNT, Circuit Judge. Wong Goon Let, alleged to be married to Wuai Kam Let, was convicted in Hawaii of adultery with one Kum

⬥➖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Sing Hee, and asks reversal upon the grounds of the prejudice of the judge who presided at the trial, insufficiency of the evidence to warrant conviction, and variance between the allegations of the indictment and proof.

[1] Prejudice of the judge is based upon the following incidents: Upon the trial, the woman, Kum Sing Hee, who gave her age as 21, was called to testify. The record does not disclose that the woman was crying, but states that the court told her that no one was going to hurt her, and that she must not cry. "Now, little girl," said the court, "speak loudly, so that these gentlemen here can understand what you have to say." The judge also carefully explained to her that she could not be compelled to give evidence of her own wrongdoing, if she were guilty of any wrongdoing, and that she could claim the right to refuse to answer questions which would incriminate her. The argument of the defendant is that "the attitude of the judge and the manner of addressing the Chinese woman in the presence of the jury" prejudiced the jury against the defendant. But, in the absence of some substantial showing, it is not for this court to infer that the trial judge assumed a manner whereby the defendant's rights were disregarded. If the witness was nervous or timid, it was wholly proper for the judge to assure her that no one wished to harm her, and that she must speak so that the jurors could hear her. We cannot see that by addressing her as "little girl" the court could have prejudiced the jury against the defendant. No possible intimation of a belief in the guilt of the defendant was conveyed by the use of the language, and there is nothing to justify any opinion other than that the judge was merely trying to have the witness appreciate that she need feel no fear while in the court.

[2] The evidence in support of the verdict was very strong. It showed that the defendant and the woman were alone at night; that defendant took the woman to a house some distance away from the point where he met her; that defendant left his automobile with the lights turned off and under some trees; that the two remained in the house some time; that the officers found them together in a room with the door locked; that the lights were dimmed; that when discovered they were in such conditions of dress and in such positions in the room as to indicate adulterous relations.

[3] Variance between the allegations of the indictment and the evidence is urged, because the indictment alleged that defendant was married to Wuai Kam Let, while the proof showed that the wife's name was Foo Kwai Kim. But as there was evidence that at the time of the offense charged the defendant was lawfully married to a woman other than the alleged paramour, the variance between the name of his wife as pleaded in the indictment and as shown on the trial was immaterial. Bodkins v. State of Texas, 75 Tex. Cr. R. 499, 172 S. W. 216; Simmons v. State of Texas (Tex. Cr. App.) 184 S. W. 226; Corpus Juris, vol. 2, p. 20; Hall v. United States, 168 U. S. 633, 18 Sup. Ct. 237, 42 L. Ed. 607.

No ground for reversal being shown, the judgment is affirmed.
Affirmed.