James Richard DILLARD, Jr., Appellant,

v.

The STATE of Texas, State.

No. 2-81-252-CR.

Court of Appeals of Texas,
Fort Worth.

Sept. 29, 1982.

Norton & Morrison, and Steven P. Amis, Dallas, for appellant.

Chuck Bartush, Jr., County Atty., Gainesville, for appellee.

Before HUGHES, BROWN and HOLMAN, JJ.

OPINION

RICHARD L. BROWN, Justice.

James Richard Dillard, Jr., appeals from his conviction of tampering with physical evidence. V.T.C.A., Penal Code, § 37.09 (1974). Trial was to the court, which assessed punishment at 180 days in jail and a five hundred dollar fine, probated.

We reverse and order the prosecution dismissed.

Appellant, a Gainesville police officer, was charged and convicted of intentionally and knowingly concealing a portable communications radio unit, while knowing that an investigation concerning its theft was in progress and with the intent to impair its availability as evidence in that investigation.

Appellant was called to testify before the Cooke County grand jury regarding the theft of a radio from the Texas Youth Correctional facility in Gainesville. Appellant testified that he had been questioned by a Cooke County Sheriff's Deputy investigating the theft of the radio from the Texas Youth Correctional facility. Appellant then admitted to the grand jury, that he told the sheriff's deputy that he did not have the radio when in fact he did have possession of the radio at the very time he was questioned by the deputy. Based upon this admission, appellant was charged with tampering with physical evidence.

At trial the State produced but three witnesses. The sheriff's deputy testified that he had talked to appellant regarding the radio and had informed him that an investigation was in progress. He also related that appellant denied having the radio, although appellant stated that he had seen the radio two weeks earlier in the possession of one Larry Tatum. The proprietor of an electronics business in Gainesville testified that appellant had conversed

with him about the possibility of changing the frequency of a radio he was going to obtain in the future. The State's third witness was the District Attorney who had conducted the grand jury proceedings in which appellant had testified. This witness was used to authenticate a tape recording of appellant's grand jury testimony, which was admitted into evidence over appellant's objection. The taped testimony was the only direct evidence that appellant was guilty of the offense charged. Appellant did not testify and called no witnesses in his behalf.

Appellant contends that his incriminating grand jury testimony should not have been admitted into evidence because he was not properly warned of his right to refuse to give incriminating answers prior to his grand jury examination. We agree. The record reflects that at no time prior to his grand jury testimony was appellant apprised of his Fifth Amendment rights.

Where a witness is not apprised of his constitutional rights against self-incrimination prior to his grand jury testimony, incriminating testimony obtained at such proceeding is inadmissible in a subsequent trial of that witness. *Allen v. State,* 80 Tex. Cr.R. 70, 188 S.W. 979 (1916); *Simmons v. State,* 79 Tex.Cr.R. 341, 184 S.W. 226 (1916). We find that the trial court erred in admitting appellant's grand jury testimony into evidence.

We look now to determine whether the State adduced sufficient evidence, other than the grand jury testimony, to support appellant's conviction. V.T.C.A., Penal Code, § 37.09 *supra,* provides in part; "(a) A person commits an offense if, knowing that an investigation or official proceeding is pending or in progress, he, (1) alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in the investigation...".

The State's evidence tended to show that appellant was aware that an investigation for the theft of the radio was in progress. However, the State's evidence entirely failed to show that appellant concealed or secreted the radio during the investigation. The evidence reflects that appellant told the investigating deputy that he had seen the radio two weeks earlier in the possession of another. There was also testimony that appellant discussed the possibility of obtaining a radio in the future and the feasibility of changing its frequency. The record is devoid of any testimony other than that from him that appellant had the subject radio in his possession.

We conclude that the evidence is insufficient to support appellant's conviction. Accordingly, we reverse and order the prosecution dismissed. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Gibbs v. State,* 610 S.W.2d 489 (Tex. Cr.App.1980).