11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Nick
Anthony Arredondo

Appellant

Vs.                   No. 11-04-00024-CR -- Appeal from Dawson County

State
of Texas

Appellee

 

Nick Anthony Arredondo appeals his conviction by a
jury of the offenses of assault-family violence, aggravated sexual assault, and
two counts of sexual assault.  The jury
assessed his punishment at 10 years in the Texas Department of Criminal
Justice, Institutional Division, and a fine of $10,000, for the offense of
assault-family violence; 20 years in the Texas Department of Criminal Justice,
Institutional Division, for the offense of aggravated sexual assault; and 2
years in the Texas Department of Criminal Justice, Institutional Division, on
each count of sexual assault.  He
contends in two points that (1) the trial court erred by admitting his prior
testimony from a protective order hearing, in violation of his right not to be
compelled to be a witness against himself and (2) the evidence is legally and
factually insufficient to support his convictions for aggravated sexual assault
and sexual assault.  He presents no point
complaining of error with respect to his conviction of the offense of
assault-family violence.  We affirm.

Arredondo contends in point two that the evidence
is legally and factually insufficient to support his convictions for the
offenses of sexual assault and sexual assault. 
In a legal sufficiency review, we view all of the evidence in the light
most favorable to the verdict and then determine whether a rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307 (1979).  In a factual
sufficiency review, we view all of the evidence in a neutral light; and we will
set the verdict aside only if the evidence is so weak that the verdict is
clearly wrong and manifestly unjust or if the contrary evidence is so strong
that the standard of proof beyond a reasonable doubt could not have been
met.  Zuniga v. State, 144 S.W.3d
477 (Tex.Cr.App.2004).








Arredondo=s
conviction for aggravated sexual assault was for penetrating or contacting the
complainant=s female
sexual organ with his male sexual organ on or about May 1, 1998, when the
complainant was younger than 14 and not his spouse.  His two convictions for sexual assault were
for the same conduct with the complainant when she was younger than 17 and not
his spouse on or about March 27, 1999, and September 14, 2000.

The State introduced the complainant=s birth certificate, showing that she
was born on May 14, 1984.  Janie Barron
testified that she raised the complainant from the time she was born on May 14,
1984.  She indicated that the complainant
got pregnant and had a baby when she was around 14 years old.  The child=s
birth certificate shows that the child was born on December 27, 1999.  Barron stated that Arredondo is the child=s father.  Barron confirmed that the complainant got
pregnant again when she was 16 years old and had another baby.  That child=s
birth certificate indicates that the child was born on June 14, 2001.  Barron also identified Arredondo as the
father of the second child.  Barron
acknowledged that, when the complainant was 15, Barron had signed for the
complainant to get a marriage license to marry Arredondo but that the couple
never did marry.

Gloria Contreras, a licensed vocational nurse,
testified that she took a buccal swab from Arredondo and the complainant=s two children for paternity
testing.  Larry Flenniken, a detective
with the Lamesa Police Department, confirmed the taking of the DNA samples to
which Contreras had referred.  He said
that he mailed the samples to the lab that was going to test them.

Dr. Raj Pandrangi testified that he is an
associate director of Orchid Genescreen, a biotechnology company leading the
paternity division.  He said that the
purpose of the paternity testing is to determine Awhether
a child belongs to which parent or not.@  He indicated that his testing showed that the
probability that Arredondo was the father of the two children is 99.99 percent
for the first child and 99.95 percent for the second child.  He stated that in his opinion Arredondo was
the father of the two children.








Louis Harold Aten, a probation officer for Dawson
County, testified that, when Arredondo gave information to him for his file in
a case, Arredondo said that he was single at the time of the intake, January
16, 2001.  Johnny Sauseda, jail
administrator for the Dawson County Sheriff=s
Department, testified that, when Arredondo was booked into jail on November 23,
2000; April 28, 2001; October 16, 2001; November 19, 2002; and December 29,
2002, he indicated each time that he was single.

Alex Sauseda, a Lamesa police officer, testified
that on November 22, 2000, when the complainant waved him over, he stopped
Arredondo and the complainant, who were together in a car.  He indicated that, after stopping their
vehicle, he noticed that the complainant was bleeding from the mouth.  He acknowledged that Arredondo told him that
the complainant was his spouse. 

Evidence was presented showing that, in a prior
hearing in which the complainant was seeking a protective order, Arredondo
acknowledged that he began having sex with the complainant when he was 17.  He further acknowledged that they were 5
years apart in age.  We hold that the
evidence is legally and factually sufficient to support Arredondo=s convictions for aggravated sexual
assault and sexual assault.  As noted by
the State, Arredondo=s
claim is based  upon two false legal
premises.  First, he refers to his
allegation that his testimony from the hearing on the protective order was
improperly admitted into evidence, but ignores the fact that even evidence that
might be improperly admitted is considered when the evidence is reviewed for
sufficiency.  See Dewberry v. State,
4 S.W.3d 735, 739 (Tex.Cr.App.1999). 
Second, he relies on the reasonable hypothesis construct, suggesting
that the evidence of penetration is circumstantial and that there is a
reasonable hypothesis other than his guilt that has not been disproved.  The reasonable hypothesis construct has been
rejected as a method of appellate review for evidentiary sufficiency in the
appellate courts of Texas.  Geesa v.
State, 820 S.W.2d 154, 161 (Tex.Cr.App.1991), rev=d in part on other grounds by Paulson
v. State, 28 S.W.3d 570, 573 (Tex.Cr.App.2000); see Taylor v. State, 10
S.W.3d 673, 679 (Tex.Cr.App.2000); Wilson v. State, 7 S.W.3d 136, 141
(Tex.Cr.App.1999).  We overrule point
two.








Arredondo urges in point one that the trial court
erred by allowing into evidence his testimony from a prior hearing on a
protective order, suggesting that it violated his right not to incriminate
himself because he was not warned of that right prior to testifying.  If a witness under compulsion to testify
makes disclosures instead of claiming the privilege, the government has not
compelled him to incriminate himself.  Minnesota
v. Murphy, 465 U.S. 420 (1984).  An
individual may lose the benefit of the privilege not to be a witness against
himself or herself without making a knowing and intelligent waiver.  Id.  
In urging that the State must show that he waived his right not to
be a witness against himself, and that it failed to do so, Arredondo relies
primarily upon the cases of Carroll v. State, 975 S.W.2d 630, 632 (Tex.Cr.App.1998);
Robles v. State, 577 S.W.2d 699, 705 (Tex.Cr.App.1979); Allen v.
State, 188 S.W. 979 (Tex.Cr.App.1916); and Dillard v. State, 640
S.W.2d 85, 86 (Tex.App. - Fort Worth 1982, no pet=n)  

We find all of these cases to be
distinguishable.  In Carroll, the
court held that, when a defendant in connection with his plea of guilty waived
his right not to incriminate himself, he could be compelled to testify because
of the waiver.  Carroll v. State, supra
at 632.  In Robles, the court
reversed the conviction because the case did not show a waiver of the defendant=s right to counsel.  Robles v. State, supra at 705.  In both Allen and Dillard,
the court held that it was error to allow testimony concerning the defendant=s grand jury testimony where the
defendant had not been warned of his or her right against
self-incrimination.  Allen v. State,
supra at 979; Dillard v. State, supra at 86.   Unlike the case at bar, none of these cases
relates to instances where a defendant has testified in a civil proceeding that
is not a part of the investigation of the crime of which he is accused.  We overrule point one.  

The judgment is affirmed.

 

PER CURIAM

 

September 29, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Wright, J., and

McCall,
J., and Hill, J.[1]











[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth sitting by assignment.