NO.
12-05-00051-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

TONI
D. KALE,        §          APPEAL FROM THE 

APPELLANT

 

V.        §          COUNTY
COURT AT LAW NO. 2 OF

 

THE
STATE OF TEXAS,

APPELLEE   §          SMITH
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Toni Kale appeals her conviction
for the misdemeanor offense of failure to report a felony.  In one issue, she complains that the trial
court erred when it overruled her motion to suppress her testimony to a grand
jury.  We affirm.

Background

            A
man was badly beaten in Appellant’s front yard and eventually died.  Appellant’s tire iron was used to beat the
man, and her garden hose was used to clean the blood from the driveway.  Appellant told the investigating officer that
she did not witness the assault and that the police were already on the way by
the time she learned what had happened. 
A grand jury was convened, and Appellant testified to the same version
of events before the grand jury.

            The
State charged Appellant with the misdemeanor offense of failure to report a
felony.  See  Tex.
Pen. Code Ann. § 38.171 (Vernon 2005). 
Prior to trial, Appellant filed a motion to suppress her testimony
before the grand jury.  The trial court
denied her motion, and Appellant pleaded guilty as charged.  The trial court assessed punishment at three
hundred days of confinement and a fine of $412.00.  This appeal followed.

Grand Jury Testimony








            Appellant
asserts that her grand jury testimony should have been excluded because she did
not formally “waive” her Fifth Amendment rights before testifying to the grand
jury.  Appellant concedes that the
prosecutor read her the recitation of rights contained in article 20.17, Texas
Code of Criminal Procedure, and obtained her signature on a document listing
those rights.  Calling it “not clearly
established,” Appellant essentially concedes that no rule, statute, or case
requires that the prosecutor obtain a “waiver” before a person testifies to the
grand jury.  Rather, Appellant notes that
Texas has been at the forefront of innovations in criminal law and suggests
that prosecutors are already giving such warnings.  On this basis, Appellant argues that the
trial court erred in not suppressing her statements to the grand jury.

            It
has long been the law in Texas that a person who appears before a grand jury
must be warned of her right to refuse to answer questions if the answers would
be self–incriminating.  See e.g., Allen
v. State, 80 Tex. Crim. 70, 188 S.W. 979, 979 (Tex. Crim. App.
1916).  Current Texas law provides that
an accused or suspected person who appears before a grand jury must be given
several warnings orally, including that her testimony is under oath, that she
has the right to refuse to answer questions if the answer would incriminate
her, and that she has a right to a lawyer. 
Tex. Code Crim. Proc. Ann.
art. 20.17 (c)(1–6) (Vernon 2005).  

            There
is no requirement that a “waiver” be obtained before a witness gives testimony
before a grand jury.  Indeed, on several
occasions the Supreme Court has declined to hold that the Constitution requires
that a person must even be advised of her right to decline to make
incriminating statements when summoned before a grand jury.  See United States v. Wong, 431
U.S. 174, 179–80, 97 S. Ct. 1823, 1826–27, 52 L. Ed. 2d 231 (1977); United
States v. Washington, 431 U.S. 181, 186, 97 S. Ct. 1814, 1818, 52 L.
Ed. 2d 238 (1977); United States v. Mandujano, 425 U.S. 564, 582
n.7, 96 S. Ct. 1768, 1779 n.7, 48 L. Ed. 2d 212 (1976).[1] 

            A
waiver must be obtained before a custodial interrogation.  See Miranda v. Arizona, 384
U.S. 436, 444–45, 86 S. Ct. 1602, 1612, 16 L. Ed. 2d 694 (1966); Tex. Code Crim. Proc. Ann. art. 38.22 §§
2(b), 3(a)(2) (Vernon 2005).  But
individuals in custody have broader rights than do witnesses before a grand
jury.  For example, a person in custody
may refuse to answer any question while a witness before a grand jury may only
refuse to answer a question if the answer might 
incriminate her.  See Mandujano,
425 U.S. at 572, 96 S. Ct. at 1774. 

            There
is anecdotal evidence, as Appellant points out, that some prosecutors have
obtained a “waiver” before a person gave grand jury testimony.  See generally Cerda v.
State, 10 S.W.3d 748 (Tex. App.–Corpus Christi 2000, no writ); Andino
v. State, 645 S.W.2d 615 (Tex. App.–Austin 1983, no writ).  But these decisions did not create a waiver
requirement or establish an exclusionary rule when a waiver is not
obtained.  Appellant does not claim that
she was in custody, and the requirement of a formal waiver present in article
38.22 for custodial interrogations is conspicuously absent from article
20.17.  The law simply does not require a
witness to waive any rights before giving grand jury testimony.[2]  We decline to create such a requirement.  We overrule Appellant’s sole issue.

Disposition

            We affirm the judgment
of the trial court.

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion delivered June 30, 2006.

Panel consisted of
Worthen, C.J. and Griffith, J.

 

 

 

 

 

 

(DO NOT PUBLISH)











[1]
The court in Mandujano
acknowledged that federal prosecutors warn “targets” of their rights pursuant
to the Fifth Amendment as a matter of policy. 
See id.; see also U.S. Dept. of Justice, United States Attorneys’ Manual § 9–11.151
(2002) (Current version).  The failure to
offer these warnings has, at least once, caused the suppression of grand jury
testimony.  United States v. Jacobs,
547 F.2d 772, 774–76 (2d Cir. 1976) (Pursuant to the court’s “supervisory
powers,” the court suppressed grand jury testimony because the federal
prosecutor did not follow Second Circuit practice of providing a warning to a “target”
before grand jury testimony.  The court
noted that its decision was “to have no prospective application as precedent
for the District Courts on the constitutional issue.”); but see United
States v. Williams, 504 U.S. 36, 47, 112 S. Ct. 1735, 1742, 118 L. Ed.
2d 352 (1992) (“Because the grand jury is an institution separate from the
courts, over whose functioning the courts do not preside, we think it clear
that, as a general matter at least, no such ‘supervisory’ judicial authority
exists.”).

 





[2] It is not clear that
Appellant waived any right at all.  Her
testimony, which the State apparently did not believe, was basically
exculpatory.  Appellant has not
identified, and we could not see, any place in the record where she was forced
to answer a question that incriminated her.