JOHNNY HENRY EDWARD GARRETT v. STATE.

No. 24936. November 1, 1950.

*Wilson M. Rutherford*, Kerrville, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for felony theft with a sentence of five years in the penitentiary assessed by the court.

Appellant was charged with stealing an automobile of the value of over fifty dollars. When his case was called for trial the present district judge of the 38th Judicial District Court of Kerr County had called Judge Tom Ferguson from another district to try the case for him, because of the fact that he Judge Ross Doughty, was district attorney of the district at the time the offense was alleged to have been committed. Appellant filed a motion to quash the indictment with the contention that Judge Doughty did not have authority to qualify and impanel the grand jury which returned the indictment.

Witnesses were called who testified that Judge Doughty, as district attorney, took no part in making the investigation. Under this state of facts he would not be disqualified. Utzman v. State, 32 Tex. Cr. R. 426, 24 S.W. 412; Wilks v. State, 27 Tex. App. 381, 11 S. W. 415. The evidence further shows that Judge Doughty did nothing more than to receive the indictment and make such preliminary orders as were necessary. He was not disqualified to do these things. Oxford v. State, 49 Tex. Cr. R. 321, 94 S.W. 463.

Appellant then makes the argument in his brief that unless Judge Doughty was disqualified to try the case the calling of Judge Ferguson to act in his stead was without authority of

law and the judgment should be held to be void. In the state of the record, we are unable to sustain this contention.

Appellant pleaded guilty and asked permission to waive a jury. All of the prerequisites of the law seem to have been complied with and his plea was received by the court who assessed the penalty. We find nothing irregular in the procedure and find it unnecessary to discuss the several bills of exception which appear in the record.

The judgment of the trial court is affirmed.