**Irvin GOODSPEED, Appellant,**

**v.**

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 21695.**

United States Court of Appeals
Fifth Circuit.

Feb. 4, 1965.

Irvin Goodspeed, Huntsville, Tex., for appellant.

Sam R. Wilson, Asst. Atty. Gen., Houston, Tex., Waggoner Carr, Atty. Gen. of Texas, for appellees.

Before MARIS,[*] RIVES and BROWN, Circuit Judges.

PER CURIAM.

This appeal is from a denial of habeas corpus to a prisoner of the State of Texas. The respondent did not question that the petitioner has exhausted the remedies available in the State courts. See 28 U.S. C.A. § 2254. The petitioner is presently confined under a sentence of life imprisonment upon a judgment of the District Court of Tarrant County, Texas, finding him guilty of the offense of robbery with fire arms and with having been previously convicted of an offense to which the penalty of death is affixed as an alterna-

[*] Senior United States Circuit Judge of the Third Circuit, sitting by designation.

tive punishment.[1] The evidence showed that on April 18, 1947, the petitioner had been convicted in the District Court of Archer County, Texas, of murder with malice aforethought and had been sentenced to the State Penitentiary for sixty (60) years. In his brief on this appeal, petitioner insists on seven alleged errors.

(1) Illegal extradition from Brazil.

 If we assume that the charge on which he was tried subsequent to such extradition was that of murder for which he was convicted in Archer County, Texas, on April 18, 1947, we must nonetheless hold that any illegality in the extradition proceedings does not invalidate his subsequent conviction.[2]

(2) Lack of counsel.

The record sustains the district court's finding that the petitioner was represented by counsel in each proceeding. As to his last conviction, the district court found further that "the record and the statement of facts reveal this representation to have been competent and thorough." We agree.

(3) The trial judge was disqualified.

The record is not clear, but apparently the judge who presided was a former district attorney who had prosecuted the petitioner for different crimes. That was not sufficient ground for the disqualification of the judge.[3]

(4) "Nullity of the second part of the indictment."

"The second part of the indictment" is evidently that part which referred to the petitioner's having previously been convicted of an offense to which the penalty of death is affixed as an alternative punishment. We can see no basis on which to hold that part of the indictment void or in any way defective.

The remaining points seem to complain of the denial of sufficient hearing by the United States District Court. The record reveals an ample hearing, following which the district court entered full findings of fact and conclusions of law, and entered a judgment denying the petition for habeas corpus.

We find no error in the record and the judgment is

Affirmed.

---

1. Art. 64 of the Penal Code of Texas provides that, "A person convicted a second time of any offense to which the penalty of death is affixed as an alternate punishment shall not receive on such second conviction a less punishment than imprisonment for life in the penitentiary."

2. Greene v. United States, 5 Cir. 1907, 154 F. 401, cert. denied, 207 U.S. 596, 28 S.Ct. 261, 52 L.Ed. 357; 35 C.J.S. Extradition, § 47.

3. Twinkle v. State, 59 Tex.Cr.App. 257, 1910, 127 S.W. 1060, 1061.