**Ex parte Marvin Niles STUBBLEFIELD.**

**No. 39994.**

Court of Criminal Appeals of Texas.

Dec. 31, 1966.

Rehearing Denied Feb. 1, 1967.

Second Rehearing Denied March 22, 1967.

————◆————

Marvin Niles Stubblefield, pro se.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Judge.

Petitioner, who is serving the life sentence for burglary affirmed by this Court in Stubblefield v. State, No. 32,218, presented to District Judge J. E. Winters an application for writ of habeas corpus in which he alleged that his prior conviction in Johnson County for the felony offense of drunk driving used to enhance his punishment in the burglary conviction was void because District Judge Penn J. Jackson, who presided at his trial for such felony offense, represented him at the trial in the misdemeanor drunk driving case at which he was first convicted of drunk driving.

Without having ascertained the facts, the writ applied for by petitioner was granted by Judge Winters and ordered returned to the Court of Criminal Appeals, the district attorney's office suggesting that we ask the Cleburne Court to gather information.

The granting of the writ returnable before this Court made it necessary that the case be filed in this Court and an opinion be handed down.

Had the petition been referred to Judge Jackson, or the facts developed, it would have been revealed that Judge Jackson did not in fact represent petitioner in the misdemeanor case, and that the attack upon the felony conviction for drunk driving at the trial in Johnson County, at which Judge Jackson presided, was without merit.

The relief prayed for by petitioner is denied and he is remanded to custody of the Texas Department of Corrections.

OPINION
ON MOTION FOR REHEARING

MORRISON, Judge.

Petitioner now asserts that it is not his contention that Judge Jackson represented him in the misdemeanor case in question,

but that Judge Jackson had represented him in various other criminal actions prior to his trial in Johnson County for driving while intoxicated.

Such representation as he now asserts would not come within the meaning of "counsel in the case" under Article V, Sec. 11, Constitution of Texas, Vernon's Ann.St. and Article 552, now Article 30.01, Vernon's Ann.C.C.P., relied upon by petitioner.

The motion for rehearing is overruled.