Charles Donald **MURPHY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40927.

Court of Criminal Appeals of Texas.

Jan. 31, 1968.

Rehearing Denied March 6, 1968.

Phillip P. Mabry, E. Tynes, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and R. W. Hope, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is theft with two prior convictions alleged for enhancement; the punishment, life imprisonment.

Appellant's first ground of error is that there was a variance between the name of the injured party alleged in the indictment and that proven. The indictment alleged Bill Upchurch as being the injured party. In response to the question, "For purposes of the record will you tell us your name and occupation?", the witness answered, "Bill Upchurch, self-employed, Humble Service Station (which was later identified as the service station in question.)" Later, on cross-examination, the same witness testified as follows:

"Q. (By counsel for appellant): What is your correct name?

A. Willie Nelson Upchurch. I go by Billy Nelson Upchurch."

It is appellant's position that the witness' above quoted testimony on cross-examination constituted a material variance from the indictment. We do not agree.

In Lunsford v. State, 80 Tex.Cr.R. 413, 190 S.W. 157, this Court said that where the injured party was "known and called" as alleged in the pleadings, it was immaterial what his true name was. See also Jackson v. State, 155 Tex.Cr.R. 266, 234 S.W.2d 428.

Appellant's second ground of error is that he was not furnished an examining trial prior to the return of the indictment in accordance with Article 16.01, Vernon's Ann.C.C.P. Ash v. State, Tex.Cr.App., 420 S.W.2d 703, and Trussell v. State, Tex.Cr.App., 414 S.W.2d 466, are authority for the rule that the failure to grant an examining trial prior to the return of an indictment

does not affect the validity of the indictment.

Appellant next contends that the judge who presided at his trial was disqualified because he had been district attorney at the time one of his prior convictions alleged for enhancement was secured. This question was raised for the first time on motion for new trial. Had it been called to the court's attention prior to trial, we express the view that the judge should and would have recused himself.

 The rule is that "when a judge has actively participated in any prior conviction alleged for enhancement while he was the prosecuting attorney for the State, such fact renders him disqualified to sit in the case." Pennington v. State, 169 Tex.Cr.R. 183, 332 S.W.2d 569. An exception to this rule is that where the judge has *not actively participated* in the defendant's prior conviction, he is not disqualified from sitting merely because of his former position, without proof of his actively taking part in the conviction. Ex parte Hopkins, Tex.Cr.App., 399 S.W.2d 551; Muro v. State, Tex.Cr. App., 387 S.W.2d 674; Garrett v. State, 155 Tex.Cr.R. 214, 233 S.W.2d 498; Koll v. State, 157 S.W.2d 377, 143 Tex.Cr.R. 104; and Goodspeed v. Beto, 341 F.2d 908, cert. den. 386 U.S. 926, 87 S.Ct. 867, 17 L.Ed.2d 798, reh. den. 386 U.S. 969, 87 S.Ct. 1032, 18 L.Ed.2d 126.

 The testimony of the judge on examination by appellant's counsel shows that he did not recall engaging in appellant's prior conviction in any way. There is an absence of any allegation or proof showing that the trial judge had participated in any way in the preparation, investigation or prosecution of the case alleged for enhancement. Appellant's ground of error is overruled.

 As his fourth ground of error, appellant attacks as void one of the convictions alleged for enhancement because the judgment and sentence included the word "unlawfully" while the indictment charging

a violation of Article 725b, Vernon's Ann. P.C., contained no such allegation. There can be no merit in this contention since Sec. 14 of Article 725b, supra, makes all narcotic drugs contraband, and Subsection (12) of Sec. 1 of said Article denounces morphine as being included in the term "opium", which is defined as a narcotic drug under Subsection (14). Webster's Third New International Dictionary (1961) defines dilaudid as derived from morphine, which is itself defined as a narcotic under Sec. 1, Subsection (12), supra.

 Appellant's last contention is that the court erred in admitting at the hearing on punishment evidence of a prior conviction which had not been alleged in the indictment. It is not necessary that a prior conviction, which is used merely to show the accused's reputation at the hearing on punishment in a bifurcated trial, be alleged in the indictment. Mullins v. State, Tex.Cr. App., 409 S.W.2d 869. Article 37.07, Section 2(b), V.A.C.C.P. (now Article 37.07, Sec. 3(a), V.A.C.C.P.). Appellant's final ground of error is overruled.

Finding no reversible error, the judgment is affirmed.