# PD-1159&1186&1187-15

PD-1159&1186&1187-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/16/2015 2:30:48 PM
Accepted 9/18/2015 5:15:52 PM
ABEL ACOSTA
CLERK

PD _____-15
PD _____-15
PD _____-15

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

September 18, 2015

ABEL ACOSTA, CLERK

RODGER GAMMONS,
Appellant

vs.

THE STATE OF TEXAS,
Appellee

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

From Appeal No. 06-15-00025-CR, 06-15-00026-CR, and 06-15-00027-CR
out of the
Court of Appeals for the
Sixth Judicial District at
Texarkana, Texas

BODKIN NIEHAUS & DICKSON PLLC
J. Edward Niehaus
State Bar No. 24074812
207 W. Hickory St. Suite 309
Denton, Texas 76201
Telephone: (940)600-1295
Jason@BNDLegal.com
ATTORNEY FOR APPELLANT

Oral Argument IS requested

## Identity of Parties and Counsel

**1. Trial Judge:** The Honorable Eddie Northcutt presided over the trial of this case, Presiding Judge of the 8th Judicial District Court of Hopkins County, 110 Main St. Sulphur Springs, TX 75482.

**2. Appellant:** Roger Dale Gammons TDC #01978521, BYRD Unit, 21 FM 247, Huntsville, TX 77320.

**3. Counsel for Appellant:**

**a.** Trial Counsel: Heath Hyde: 900 Jackson St. Suite 535, Dallas, TX 75202

**b.** Direct Appeal & PDR: J. Edward Niehaus, 207 W. Hickory St. Suite 309, Denton, Texas 76201.

**4. Counsel for the State of Texas:**

**a.** The State is represented on appeal by and through Will Ramsay, Hopkins County District Attorney, and Mr. Peter Morgan, Assistance District Attorney, at the trial court level and on appeal.

‘

# TABLE OF CONTENTS

Identity of Parties and Counsel.................................................................................................................2

INDEX OF AUTHORITIES.....................................................................................................................4

STATEMENT REGARDING ORAL ARGUMENT...............................................................................7

STATEMENT OF ABBREVIATIONS.....................................................................................................7

STATEMENT OF THE CASE...................................................................................................................7

SUMMARY OF ISSUES ...........................................................................................................................8

STATEMENT OF PROCEDURAL HISTORY .....................................................................................9

GROUND FOR REVIEW ONE...............................................................................................................9

> **REVISIT PRECEDENT:** This Court should reconsider application of the judicial recusal rule modified by Hathorne v. State as it applies to prior defense counsel, as the attorney-client relationship is of a substantially different nature for a defendant-attorney (i.e. attorney-client) relationship compared to the prosecutor-defendant relationship, making unworkable a uniform recusal rule without regard to the nature of the prior representation.........................................................................................................9

GROUND FOR REVIEW TWO.............................................................................................................16

> **RESOLVE CONFLICT:** The Court of Appeals erred in finding Appellant waived the trial court's disqualification for having personal knowledge of a fact in issue, specifically personal knowledge of the enhancement paragraph where the Court was counsel for Appellant in the case resulting in the enhancement paragraph. ...............................................................................................................16

GROUND FOR REVIEW THREE .......................................................................................................18

> **RESOLVE CONFLICT:** The Court is presented with an opportunity to clarify an apparent conflict between its rulings in *Hathrone v. State* and *Murphy v. State* with regard to when a Judge's prior involvement in a case requires recusal...............................................................................................................18

PRAYER FOR RELIEF...........................................................................................................................20

CERTIFICATE OF SERVICE ................................................................................................................21

CERTIFICATE OF COMPLIANCE......................................................................................................21

# INDEX OF AUTHORITIES

**Cases**

*Awadelkariem v. State*, 974 S.W.2d 721, 725 (Tex. Crim. App. 1998) .................................. 13, 15

*Camper v. State*, 146 Tex. Crim. 522, 176 S.W.2d 943 ............................................................19

*Carr v. Fife*, 156 U.S. 494, 15 S. Ct. 427, 39 L. Ed. 508............................................................20

*Chambers v. Hodges*, 23 Tex. 104, 105. .................................................................................18

*Ex parte Hopkins*, Tex.Crim.App., 399 S.W. 2d 551 ........................................................ 16, 20

*Ex parte Stubblefield*, Tex.Crim.App., 412 S.W.2d 63.............................................................14

*Ex parte Washington*, 442 S.W.2d 391 (Tex. Crim. App. 1969) .......................................12, 17, 19

*Gaal v. State*, 332 S.W.3d 448, 456 (Tex. Crim. App. 2011)............................................. 12, 18

*Garrett v. State*, 155 Tex. Crim. 214, 233 S.W. 2d 498 .................................................... 16, 20

*Goodspeed v. Beto*, 341 F.2d 908; cert. den. 386 U.S. 926, 17 L. Ed. 2d 798, 87 S. Ct. 867; reh. den. 386 U.S. 969, 18 L Ed 2d 126, 87 S. Ct. 1032 ........................................................ 16, 20

*Graham v. State*, 43 Tex. Crim. 110, 63 S.W. 558.....................................................................19

*Gresham v. State*, 43 Tex. Crim. 466, 66 S.W. 845....................................................................17

*Hathorne v. State*, 459 S.W.2d 826, 828 (Tex. Crim. App. 1970) .........................................9, 12, 14

*Hathorne v. State*, 459 S.W.2d 826, 829 (Tex. Crim. App. 1970) .............................................20

*Koenig v. State*, 33 Tex. Crim. 367, 26 S.W. 835......................................................................20

*Koll v. State*, 143 Tex. Crim. 104, 157 S.W. 2d 377................................................................ 16, 20

*Lee v. British-American Mortgage Co.* (Tex. Civ. App.), 51 Tex. Civ. App. 272, 115 S.W. 320 .....................18

*Malik v. State*, 953 S.W.2d 234, 236 (Tex. Crim. App. 1997)....................................................13

*Muro v. State*, Tex.Crim.App., 387 S.W. 2d 674.................................................................. 16, 20

*Murphy v. State*, 424 S.W.2d 231, 233 (Tex. Crim. App. 1968) ...........................................15, 16, 20

*Pahl v. Whitt* (Tex. Civ. App.), 304 S.W.2d 250......................................................................18

*Pennington v. State*, 332 S.W.2d 569 .....................................................................................12

*Proctor v. State*, 967 S.W.2d 840, 844-45 (Tex. Crim. App. 1998) ..........................................13

*State v. Herndon*, 215 S.W.3d 901, 907-08 (Tex. Crim. App. 2007) ...................................... 12, 18

*State v. Toney*, 979 S.W.2d 642, 645-46 (Tex. Crim. App. 1998) (Keller, J., concurring) ................... 13, 14

*Trinkle v. State*, 59 Tex. Crim. 257, 127 S.W. 1060 ...........................................................................20

*Wood v. State*, 166 Tex. Crim. 94, 311 S.W.2d 409 ...........................................................................19

*Woodland v. State*, 147 Tex. Crim. 84, 178 S.W.2d 528 ........................................................... 17, 19

*Woody v. State*, Tex.Crim.App., 1902, 69 S.W. 155 ............................................................................19

**Statutes**
Tex. Code Crim. Proc. Art. 30.01. ........................................................................................... 10, 18

**Rules**
Tex. R. App. P. 43.2(d) ..............................................................................................................10, 13, 15

Tex. R. App. Pro. 66.3 ........................................................................................................................5

Tex. R. App. Pro. 66.3(c) ........................................................................................................... 11, 13

Tex. R. App. Pro. 9 ............................................................................................................................16

Tex.R.Civ.P. 18b(b)(3) .........................................................................................................................3

Tex. R. Civ. P. 18b(b)(5) .....................................................................................................................5

**Treatises**
33 Tex.Jur.2d, Judges, Sec. 57, pp. 426, 427 ........................................................................... 14, 19

**Constitutional Provisions**
Tex. Const. Art. V, § 11 .............................................................................................................. 5, 12

PD _____-15
PD _____-15
PD _____-15

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

RODGER GAMMONS,
Appellant
vs.

THE STATE OF TEXAS,
Appellee

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

**TO THE COURT OF CRIMINAL APPEALS OF TEXAS:**

Appellant, Roger Gammons, respectfully submits this Petition for Discretionary Review and moves that this Honorable Court grant review of this cause and offers the following in support thereof:

The Court of Appeals has decided a question of law that is in conflict with a decision of this Court. *See* Tex. R. App. Pro. 66.3(c). The Court is presented the opportunity to resolve an apparent conflict between two of its decisions. Tex. R. App. Pro. 66.3.

## STATEMENT REGARDING ORAL ARGUMENT

If this petition is granted, Appellant requests oral argument. Oral argument may assist the Court in applying the facts to the issues raised. It is suggested that oral argument may help simplify the facts and clarify the issues.

## STATEMENT OF ABBREVIATIONS

For purposes of clarity, throughout this Petition, Appellant uses the following abbreviations when referencing the trial court's records:

RR refers to the Reporter's Record;

CR1 refers to the Clerk Record in 1423872;

CR2 refers to the Clerk Record in 1423873;

CR3 refers to the Clerk Record in 1423874

Cause number 1423872 is referred to as "case 872"

Cause number 1423873 is referred to as "case 873"

Cause number 1423874 is referred to as "case 874"

## STATEMENT OF THE CASE

Appellant was charged by indictment with possession of a penalty group one controlled substance, with intent to deliver, in an amount over 4g but less than 200g in cause number 1423872 (hereinafter "case 872")(CR1 at 1, 42), with tampering with physical evidence in cause number 1423873 (hereinafter "case 873")(CR2 at 1, 41), and with 4g but less than 200g in cause number 1423874 (hereinafter "case 874")(CR3 at 1,

42), all of which were pending in the 8th Judicial District Court of Hopkins County, Texas, the Honorable Eddie Northcutt, Presiding, (RR II 6 – 8). Appellant's punishment range was enhanceable (RR II 8; CR1 at 29; CR2 at 18; CR3 at 26) and after hearing on punishment, Appellant was sentenced to incarceration for life, (CR1 at 34 – 35, 39 – 40; CR2 at 31 – 32, 37 – 38; CR3 at 33 – 34, 38 – 39; RR IV 43).

In the Sixth Court of Appeals, Texarkana, Appellate raised three (3) issues: **First**, Appellant's Plea of Guilty was not Voluntarily Entered Where Appellant was Incompletely Admonished Regarding His Eligibility for Probation. **Second**, The Court Erred by Failing to Recuse Himself Where the Court had Personal Knowledge of Disputed Facts Relating to Appellant's Enhancement Paragraph(s). **Third**, The Court Erred by Failing to Recuse Himself After Having Previously Served as Counsel to the Defendant in Related Criminal Proceedings Relevant to the Case for Which Appellant Appeared Before the Court.

The Sixth Court of Appeals, in unpublished opinion, overruled each issue (Opinion at 1 – 22). This petition follows.

## SUMMARY OF ISSUES

Here, Appellant raises three questions: First, Appellant questions the continued efficacy of this Court's decision in *Hathorne v. State*, 459 S.W.2d 826 (Tex. Crim. App. 1970) <u>specifically</u> as applied to former defense counsel presiding over a new case. Second, Appellant questions the Court of Appeals ruling that judicial recusal under

Tex.R.Civ.P. 18b(b)(3) is waivable; there is an apparent conflict between the decisions of this Court and the text of the recusal rule. Third, Appellant requests the Court resolve an apparent conflict between *Murphy v. State* and *Hathorne v. State* with regard to when a Judge who previously acted as counsel must recuse themselves.

## STATEMENT OF PROCEDURAL HISTORY

After Appellant's plea of guilty and hearing on punishment, Appellant was sentenced to incarceration for life, (CR1 at 34 – 35, 39 – 40; CR2 at 31 – 32, 37 – 38; CR3 at 33 – 34, 38 – 39; RR IV 43). As this case did not involve a plea bargain, Appellant had a right to appeal, (CR1 at 36; CR2 at 34; CR3 at 35).

On August 11, 2015 the Sixth Court of Appeals at Texarkana, Texas, affirmed the conviction.    Because the existing precedent from this Court compelled the conclusion reached by the Court of Appeals, no motion for rehearing was filed, (Opinion 6).

This Petition for Discretionary Review is being filed on *Friday, September 4, 2015*. Appellant sent this petition by delivering the same to FedEx on *Friday, September 4, 2015* to be delivered by overnight delivery to the Court of Criminal Appeals and additionally has e-filed this petition in accordance with the new e-filing provisions effective January 1, 2014.

## GROUND FOR REVIEW ONE

**This Court should reconsider application of the judicial recusal rule modified by <u>Hathorne v. State</u> as it applies to prior defense counsel,**

**as the attorney-client relationship is of a substantially different nature for a defendant-attorney (i.e. attorney-client) relationship compared to the prosecutor-defendant relationship, making unworkable a uniform recusal rule without regard to the nature of the prior representation.**

In the Court of Appeals, the Appellant stipulated that this Court's precedent compelled adverse ruling on his argument that Judge Northcutt, who represented Appellant in a case used for purposes of applying the habitual felony enhancement, should be recused from a case in which that enhancement is "in issue." *See* Appellant's Br. at 25; Opinion at 1 – 13.

An adverse ruling from the Court of Appeals was procedurally required to brief the issue in this Court. *Moreno v. State*, 294 S.W.3d 594 (Tex. Crim. App. 2009). Appellant received that adverse ruling, and now contests it.

The Appellant would submit that review is necessary to improve the jurisprudence of the State. *See* Tex. R. App. Pro. 66.3

**Law:**

"No judge … shall sit in any case … where he has been of counsel for the State or the accused." Tex. Code Crim. Proc. Art. 30.01.

"No judge shall sit in any case … when the judge shall have been counsel in the case." Tex. Const. Art. V, § 11

"A judge must recuse in any proceeding in which: the judge participated as counsel, adviser, or material witness in the matter in controversy…" Tex. R. Civ. P.

18b(b)(5)

[T]he question is whether the inclusion of a prior conviction (at which time the trial judge was district attorney) in the State's pleading (the indictment) disqualifies the judge on the ground he was counsel in the case." *Hathorne v. State*, 459 S.W.2d 826, 828 (Tex. Crim. App. 1970).

Judicial recusal "provisions have been construed as being mandatory and must be observed." *Pennington v. State*, 332 S.W.2d 569, 570, (listing authorities)[1] *see also Ex parte Washington*, 442 S.W.2d 391 (Tex. Crim. App. 1969).

**Standard of Review:**

Judicial recusal is review for abuse of discretion. *Gaal v. State*, 332 S.W.3d 448, 456 (Tex. Crim. App. 2011). A trial court abuses its discretion when it acts arbitrarily and unreasonably, without reference to guiding rules or principles, or when it misapplies the law to the established facts of the case. *See State v. Herndon*, 215 S.W.3d 901, 907-08 (Tex. Crim. App. 2007).

Appellant concedes that the Court's decision was correct pursuant to the Court's ruling in *Hathorne*. Appellant advocates for a change in the law regarding judicial recusal when the presiding judge is former defense counsel for the accused. Appellant recognizes the weight of the burden he bears in requesting this Court depart from its precedent.

The doctrine of stare decisis should generally be followed, because it

---

[1] Overruled on other grounds in *Hathorne*

promotes judicial efficiency and consistency, it fosters reliance on judicial decisions, and it contributes to the actual and perceived integrity of the judicial process. *See Proctor v. State*, 967 S.W.2d 840, 844-45 (Tex. Crim. App. 1998). It is often better to be consistent, rather than right. *See Malik v. State*, 953 S.W.2d 234, 236 (Tex. Crim. App. 1997). Overruling precedent, however, is acceptable under certain circumstances. For example, "when older precedent conflicts with a newer decision that is found to be more soundly reasoned, we may resolve the inconsistency in favor of the more soundly reasoned decision." *Awadelkariem v. State*, 974 S.W.2d 721, 725 (Tex. Crim. App. 1998). Another factor to consider is whether the reasoning underlying the older precedent has been undercut by the passage of time. *See id*. Further factors that support the overruling of precedent include: 1) when the original rule of law is flawed from the outset; 2) when the rule produces inconsistency and confusion in the law; 3) when the rule consistently creates unjust results or places unnecessary burdens upon the system; and 4) when the rule creates differences between criminal and civil practice when a reason for the difference does not exist. *See State v. Toney*, 979 S.W.2d 642, 645-46 (Tex. Crim. App. 1998) (Keller, J., concurring), *Hammock v. State*, 46 S.W.3d 889, 892-93 (Tex. Crim. App. 2001)

**Facts:**

Appellant entered an open plea of guilty to three felony offenses. Appellant's prior criminal history subjected Appellant to the habitual felony offender enhancement. The Judge presiding over Appellant's open plea had previously served as defense counsel for the Appellant in one of the cases the State used as an enhancement paragraph in the instant cases. The Court's presiding over the plea was not objected to by Counsel, presumably because Counsel was aware that *Hathrone* would prohibit recusal even if an objection were lodged.

**Argument:**

---

There are three types of relationships between an attorney and the accused that interplay in the criminal justice system: (1)prosecutor-defendant, (2)judge-defendant and (3)attorney-defendant (alternatively, attorney-client).

Appellant contends that the Court's recusal requirement, as amended by *Hathorne*, is unworkable and should be reconsidered. Specifically, Appellant requests review of his conviction to determine whether this Court's assertion if it actually does "logically follow that the same [recusal] rule would have application where the trial judge had defended the accused at the time of the prior conviction." *Hathorne v. State*, 459 S.W.2d 826, 829 (Tex. Crim. App. 1970) *citing Ex parte Stubblefield*, Tex.Crim.App., 412 S.W.2d 63.

Appellant requests the Court depart from the above statement of law. In order to do so, four factors are considered:

> [First] when the original rule of law is flawed from the outset; 2) when the rule produces inconsistency and confusion in the law; 3) when the rule consistently creates unjust results or places unnecessary burdens upon the system; and 4) when the rule creates differences between criminal and civil practice when a reason for the difference does not exist. *Hammock v. State*, 46 S.W.3d 889, 892-93 (Tex. Crim. App. 2001) *quoting State v. Toney*, 979 S.W.2d 642, 645-46 (Tex. Crim. App. 1998) (Keller, J., concurring).

Appellant contends that the third consideration is most applicable when considering the current judicial recusal rule as modified by *Hathorne v. State*. "The [judicial recusal] rule consistently creates unjust results" by allowing past counsel with direct personal knowledge to preside over a case in which that personal knowledge may

be relevant to disposition of the new case. Further, Appellant asserts that the recusal rule as modified by *Hathrone* fails to adequately account for the differences inherit in representing the State versus representing the Accused.

The nature of the attorney-client relationship with a defense attorney and their Client is fundamentally different from the prosecutor-defendant relationship. Using a uniform rule for judicial recusal, without regard to the nature of the previous judge-fails to recognize the import of the differences. This is even more true when there is direct participation in the case.[2]

Appellant contends that the existing recusal rule, which equates the attorney-client relationship with the prosecutor-defendant relationship, is fundamentally flawed because it fails to account for the difference in personal knowledge obtained during the course of the relationship.

Another available ground for review of existing precedent, as sought by Appellant here, is, "when older precedent conflicts with a newer decision that is found to be more soundly reasoned, we may resolve the inconsistency…" *Awadelkariem v. State*, 974 S.W.2d 721, 725 (Tex. Crim. App. 1998).

Appellant is requesting that this Court extend its ruling in *Murphy v. State*, 424 S.W.2d 231, 233 (Tex. Crim. App. 1968), that "when a judge has actively participated in

---

[2] The Judge in *Hathorne* had not personally participated in the case. Contrast *Murphy* in which the Court's direct participation was noted as a ground for disqualification. Note, however, that the Judge in *Murphy* did not actively participate, and thus was not disqualified. See *Murphy* 424 S.W.2d at 233.

any prior conviction alleged for enhancement while he was the prosecuting attorney for the State, such fact renders him disqualified to sit in the case. An exception to this rule is that where the judge has not actively participated in the defendant's prior conviction, he is not disqualified from sitting merely because of his former position, without proof of his <u>actively taking part</u> in the conviction." *Murphy v. State*, 424 S.W.2d 231, 233 (Tex. Crim. App. 1968) *citing Ex parte Hopkins*, Tex.Crim.App., 399 S.W. 2d 551; *Muro v. State*, Tex.Crim.App., 387 S.W. 2d 674; *Garrett v. State*, 155 Tex. Crim. 214, 233 S.W. 2d 498; *Koll v. State*, 143 Tex. Crim. 104, 157 S.W. 2d 377; and *Goodspeed v. Beto*, 341 F.2d 908; cert. den. 386 U.S. 926, 17 L. Ed. 2d 798, 87 S. Ct. 867; reh. den. 386 U.S. 969, 18 L Ed 2d 126, 87 S. Ct. 1032.

Appellant urges this Court to grant his petition for discretionary review to allow for full briefing on the interplay between this Court's decisions in *Hathone, Murphy*, and *Ex parte Washington*.[3] Specifically Appellant requests this Court to extend the rulings in *Murphy* and *Ex parte Washington* to defense counsel. Appellant believes this Court will be able to reconcile those decisions so that *Hathrone* would remain intact for purposes of recusing a former prosecutor who later presides over a new accusation but would be reversed to the extent that it allows prior defense counsel who represented a defendant to preside over a case raising enhancement allegations in which the Court directly

---

[3] *Ex parte Washington* relied upon *Pennington* and its progeny, which were partially overruled by this Court in *Hathorne*. Petitioner seeks clarification as to whether *Murphy* and *Washington* can be reconciled with *Hathorne*, or if this Court will now conclusively overturn them

participated as Defense Counsel.

**Relief:**

Appellant requests the Court reverse the Court of Appeals, and remand for further consideration. Tex. R. App. P. 43.2(d)

## GROUND FOR REVIEW TWO

**The Court of Appeals erred in finding Appellant waived the trial court's disqualification for having personal knowledge of a fact in issue, specifically personal knowledge of the enhancement paragraph where the Court was counsel for Appellant in the case resulting in the enhancement paragraph.**

In the Court of Appeals, Appellant argued that the Court's personal knowledge of the truth of an enhancement paragraph disqualified the Judge. The Court of Appeals ruled that Appellant waived the issue. See Opinion at 9 – 10.

The Appellant would submit that review is necessary because the Court of Appeals judgment that recusal can be waived misconstrues the existing case law. *See* Tex. R. App. Pro. 66.3(d). Alternatively, the interpretation creates a conflict with existing precedent this Court is presented with the opportunity to clarify.

**Law:**

"Where a disqualification arises from a constitutional or statutory provision, it cannot be waived even by consent of the parties litigant." *Ex parte Wash.*, 442 S.W.2d 391, 393 (Tex. Crim. App. 1969) *quoting Woodland v. State*, 147 Tex. Crim. 84, 178 S.W.2d 528, 529-530. *See also Gresham v. State*, 43 Tex. Crim. 466, 66 S.W. 845. The

disqualification of a judge is a matter affecting the jurisdiction and power of the court to act <u>and cannot be waived</u>. *See Pahl v. Whitt* (Tex. Civ. App.), 304 S.W.2d 250; *Lee v. British-American Mortgage Co.* (Tex. Civ. App.), 51 Tex. Civ. App. 272, 115 S.W. 320; *Chambers v. Hodges*, 23 Tex. 104, 105.

Contrast the text of Rule 18b(e): "The parties to a proceeding may waive any ground for recusal after it is fully disclosed on the record." Tex. R. Civ. P. 18b(e)

**Standard of Review:**

Judicial recusal is review for abuse of discretion. *Gaal v. State*, 332 S.W.3d 448, 456 (Tex. Crim. App. 2011). A trial court abuses its discretion when it acts arbitrarily and unreasonably, without reference to guiding rules or principles, or when it misapplies the law to the established facts of the case. *See State v. Herndon*, 215 S.W.3d 901, 907-08 (Tex. Crim. App. 2007).

**Facts:**

The trial court judge, the Honorable Eddie Northcutt, represented Appellant on a criminal charge for which Appellant pled guilty. That prior guilty plea is among the allegations which subject Appellant to the habitual offender sentencing enhancement. Appellant's trial counsel did not object. The Sixth Court of Appeals found the error to be waived by trial counsel's failure to object. Opinion at 11 – 13.

**Argument:**

Where a disqualified judge tries a criminal case the proceedings are a nullity and

the judgment is void. *Ex parte Wash.*, 442 S.W.2d 391, 393 (Tex. Crim. App. 1969) *citing Woody v. State*, Tex.Crim.App., 1902, 69 S.W. 155; *Graham v. State*, 43 Tex. Crim. 110, 63 S.W. 558. Article V, Sec. 11, Vernon's Anno. Texas Constitution, note 18; Article 30.01, V.A.C.C.P., note 12. Where such conviction is void it is subject to collateral attack. *Woodland v. State*, supra. (Note, this is not a collateral attack on that conviction.)

"These [recusal] provisions have application when the trial judge has been of counsel for the State only in a prior conviction alleged for enhancement in the indictment." *Ex parte Wash.*, 442 S.W.2d 391, 393 (Tex. Crim. App. 1969) *citing Woodland v. State*, 147 Tex. Crim. 84, 178 S.W.2d 528; *Camper v. State*, 146 Tex. Crim. 522, 176 S.W.2d 943; *Wood v. State*, 166 Tex. Crim. 94, 311 S.W.2d 409.

The above quoted authorities, the current validity of which have been verified by Counsel, each conflict with Rule 18b(e)'s statement that the Court's disqualification may be waived.

**Relief:**

Appellant requests the Court reverse the Court of Appeals, and remand for further consideration. Tex. R. App. P. 43.2(d)

## GROUND FOR REVIEW THREE

**The Court is presented with an opportunity to clarify an apparent conflict between its rulings in Hathrone v. State and Murphy v. State with regard to when a Judge's prior involvement in a case requires recusal.**

The Appellant would submit that review is necessary to clarify its jurisprudence

with regard to when a Judge's prior involvement in a case requires recusal. *See* Tex. R. App. Pro. 66.3.

**Law:**

> [W]hen a judge has actively participated in any prior conviction alleged for enhancement while he was the prosecuting attorney for the State, such fact renders him disqualified to sit in the case. An exception to this rule is that where the judge has not actively participated in the defendant's prior conviction, he is not disqualified from sitting merely because of his former position, without proof of his actively taking part in the conviction.[4] *Murphy v. State*, 424 S.W.2d 231, 233 (Tex. Crim. App. 1968)(internal quotations omitted)

> It is, of course, well settled that the mere fact that the trial judge personally prosecuted the appellant in past cases does not disqualify him from presiding over a trial where a new offense is charged.[5] And it would logically follow that the same rule would have application where the trial judge had defended the accused at the time of the prior conviction. *Hathorne v. State*, 459 S.W.2d 826, 829 (Tex. Crim. App. 1970) *citing Ex parte Stubblefield*, Tex.Crim.App., 412 S.W.2d 63.

**Facts:**

The above quoted holdings appear to be in direct conflict with regard to whether a Judge is required to recuse himself when he has personal knowledge of an enhancement paragraph. This Court is presented with the opportunity to clarify the circumstance in which the Court must recuse himself, and should avail itself of the

---

[4] *Ex parte Hopkins*, Tex.Crim.App., 399 S.W. 2d 551; *Muro v. State*, Tex.Crim.App., 387 S.W. 2d 674; *Garrett v. State*, 155 Tex. Crim. 214, 233 S.W. 2d 498; *Koll v. State*, 143 Tex. Crim. 104, 157 S.W. 2d 377; and *Goodspeed v. Beto*, 341 F.2d 908; cert. den. 386 U.S. 926, 17 L. Ed. 2d 798, 87 S. Ct. 867; reh. den. 386 U.S. 969, 18 L Ed 2d 126, 87 S. Ct. 1032. *Murphy v. State*, 424 S.W.2d 231, 233 (Tex. Crim. App. 1968)(internal quotations omitted)
[5] *Koenig v. State*, 33 Tex. Crim. 367, 26 S.W. 835; *Trinkle v. State*, 59 Tex. Crim. 257, 127 S.W. 1060; *Goodspeed v. Beto*, 5th Cir., 341 F.2d 908; 33 Tex.Jur.2d, Judges, Sec. 57, pp. 426, 427; *Carr v. Fife*, 156 U.S. 494, 15 S. Ct. 427, 39 L. Ed. 508.

---

opportunity.

**Argument:**

Granting review to resolve the apparent conflict between *Hathorne* and *Murphy* would promote judicial economy by clarifying the status of the law on this question. By clarifying the law on this question, the Court would make a definitive statement regarding when recusal is appropriate. This would assist administrative judges in ruling on recusal motions, and would ensure Defendants the fair and impartial hearing to which they are constitutionally entitled.

**Relief:**

Appellant requests the Court reverse the Court of Appeals, and remand for further consideration. Tex. R. App. P. 43.2(d)

## PRAYER FOR RELIEF

For the reasons stated above, it is respectfully submitted that the Court of Criminal Appeals of Texas should grant this Petition for Discretionary Review.

Respectfully submitted,

/s/J. Edward Niehaus
J. Edward Niehaus
State Bar No. 24074812
207 W. Hickory St. Suite 309
Denton, Texas 76201
Telephone: 940-600-1295
Jason@BNDlegal.com Email

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Appellant's Brief was electronically filed in compliance with the e-filing requirements effective 1-1-2014 with all parties in interest in the case, including Appellant and the Prosecuting Attorney's Office ([information@spa.tx.gov](mailto:information@spa.tx.gov)) on **Friday, September 4, 2015**

/s/J. Edward Niehaus
J. Edward Niehaus


## CERTIFICATE OF COMPLIANCE

I hereby certify that the length of this Petition for Discretionary Review is compliant with the word count limitation contained in Tex. R. App. Pro. 9, with a total word count of 3,506 and that the document is otherwise in compliance with type face and font size requirements.

/s/J. Edward Niehaus
J. Edward Niehaus

# Appendix A: Opinion by Sixth Court of Appeals



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00026-CR

_____

ROGER DALE GAMMONS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1423872

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Roger Dale Gammons pled guilty, in Hopkins County, to two counts of possession of more than four grams but less than 200 grams of a controlled substance and one count of tampering with physical evidence. Gammons also pled "true" to two prior felony enhancements alleged by the State, one each in Kaufman and Van Zandt Counties. Treated as a habitual felon,[1] Gammons was sentenced to life in prison for each of the three charges, with the sentences to run concurrently.

Here, Gammons appeals from his conviction on the first count of possession of more than four grams but less than 200 grams of a controlled substance.[2] He contends that an incomplete admonishment regarding his eligibility for community supervision rendered his guilty plea involuntary, that the trial judge should have recused because the court had personal knowledge of disputed facts relating to the enhancement paragraph(s), and that the trial court should have recused because the judge previously served as Gammons' counsel in related criminal proceedings.

We affirm the trial court's judgment because (1) Gammons has not demonstrated that his plea of guilt was involuntary, (2) no error was preserved regarding any knowledge of the trial judge regarding any enhancement allegation, and (3) the trial judge did not serve as Gammons' counsel regarding either offense used for enhancement in this case.

---

[1]*See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2014).

[2]In companion cases also decided this date, bearing our cause numbers 06-15-00027-CR and 06-15-00028-CR, we affirm the trial court's judgments as to the other two convictions.

2

*(1)      Gammons Has Not Demonstrated that His Plea of Guilt Was Involuntary*

Gammons contends that his plea of guilty was not voluntary because the trial court's admonishments regarding his eligibility for community supervision were inaccurate. We disagree.

In determining the voluntariness of a plea, we consider the totality of the circumstances, viewed in light of the entire record. *Griffin v. State*, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986); *Ybarra v. State*, 93 S.W.3d 922, 925 (Tex. App.—Corpus Christi 2002, no pet.); *Lopez v. State*, 25 S.W.3d 926, 928 (Tex. App.—Houston [1st Dist.] 2000, no pet.). "Prior to accepting a plea of guilty . . . , the court shall admonish the defendant of . . . the range of punishment attached to the offense . . . ." TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (West Supp. 2014). "In admonishing the defendant . . . , substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." TEX. CODE CRIM. PROC. ANN. art. 26.13(c) (West Supp. 2014); *see VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007); *Seagraves v. State*, 342 S.W.3d 176, 183 (Tex. App.—Texarkana 2011, no pet.). The court may make the admonitions either orally or in writing. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(d) (West Supp. 2014). If the court gives written admonitions, the court "must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea." *Id*.

There is a presumption of regularity of the judgment and the proceedings. *Lopez*, 25 S.W.3d at 928. Thus, if the record reflects that Smith was properly admonished, it presents a prima facie showing that the guilty plea was made knowingly and voluntarily, shifting the burden to the

3

defendant to demonstrate that his or her plea was involuntary. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). "Once a defendant has pled guilty and attested to the voluntary nature of his plea, he bears a heavy burden at a subsequent hearing to demonstrate a lack of voluntariness." *Ybarra*, 93 S.W.3d at 925.

Article 26.13 does not require that the trial court admonish the defendant regarding his or her eligibility for community supervision.[3] *See Ex parte Williams*, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986); *Hampton v. State*, 435 S.W.3d 303, 307 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). "However, if the trial court volunteers an admonishment on [community supervision], the court has a duty to admonish the defendant accurately." *Hampton*, 435 S.W.3d at 307; *see Williams*, 704 S.W.2d at 775. This is because a guilty plea is involuntarily induced if it is shown that: (1) the trial court volunteered an admonishment that included information on the availability of community supervision, thereby creating an affirmative duty to provide accurate information on the availability of community supervision; (2) the trial court provided inaccurate information on the availability of community supervision, thereby leaving the defendant unaware of the consequences of the guilty plea; and (3) the defendant made an objective showing of being misled

---

[3]Article 42.12, Section 2(2) provides:

> "Community supervision" means the placement of a defendant by a court under a continuum of programs and sanctions, with conditions imposed by the court for a specified period during which:
>
> (A)     criminal proceedings are deferred without an adjudication of guilt; or
>
> (B)     a sentence of imprisonment or confinement, imprisonment and fine, or confinement and fine, is probated and the imposition of sentence is suspended in whole or in part.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 2(2) (West Supp. 2014).

or harmed by the inaccurate admonishment. *Williams*, 704 S.W.2d at 776–77; *Tabora v. State*, 14 S.W.3d 332, 334 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

When an admonishment error is claimed under Article 26.13(a), the claim is not constitutional, because those admonishments are not constitutionally required. The purpose of Article 26.13(a) admonishments is to assist the trial court in ensuring that the guilty plea is knowingly and voluntarily entered. Thus, the claimed error is subject to a harm analysis. TEX. R. APP. P. 44.2(b); *Aguirre-Mata v. State*, 992 S.W.2d 495 (Tex. Crim. App. 1999).

Here, before accepting Gammons' respective pleas of "guilty" and "true," the trial court admonished Gammons as follows:

> THE COURT: In our practice around here, these are what are commonly referred to as open pleas; that is, that you would be acknowledging, both verbally in front of the Court today and in writing, that you understand what your rights are and that you would be giving up certain rights and entering a plea of guilty to the indictments without the benefit of a plea of -- without a plea-bargained agreement, meaning that if I follow all of this, I would -- well, any number of things.

> I could find that the evidence submitted is sufficient to find you guilty, and almost assuredly would at least do that, because if you plead guilty in anticipation of what we believe and these paperwork -- these documents contain what are called judicial confessions, that's sufficient for me to find you guilty.

> I could find that it's in the best interest of society and you and defer further proceedings without actually finding you guilty and place you on community supervision. We commonly call that a deferred adjudication probation. I could find you guilty, sentence you to some period of imprisonment of 10 years or less but then suspend the imposition of that sentence and place you on probation. The rules of probation would be the same as they are for deferred.

> Or I could find you guilty and sentence you to some term of imprisonment for 25 to life, if I follow all that they do here, meaning when I said 10 or less, that would be assuming that I did not go forward with the enhanced punishment range that the State seeks.

5

You have been indicted for possession -- possession with intent to deliver 4 grams or more but less than 200. That is the same as delivery, and it is a first-degree felony. I want to make sure everybody is listening and I'm getting this right. […]

Possession -- possession with intent to deliver methamphetamine, 4 grams or more but less than 200, possession of that is a second-degree felony. Possession with intent to deliver is a first-degree felony. I'm going to get into some enhancement paragraphs here in just a moment. That's the first numbered paragraph ending in 872.

The case ending in 873 is a tampering with physical evidence case. That by itself is a third-degree felony unenhanced. And then the case number ending in 874, which there's some discussion here, it, too, is a possession with intent to deliver methamphetamine, 4 grams or more but less than 200 grams, alleged to have occurred on or about the same date as the one two indictments before it.

But both of those unenhanced would be first-degree felonies.

. . . .

The State had -- has long since, as I think in previous pretrials, I've been made aware, indicated verbally to [Defense Counsel] that the State would be intending to seek a -- an enhancement of the applicable punishment ranges to that of what we refer to as the habitual -- Penal Code does, too -- habitual-felon statute, meaning that if they can prove, in addition to the alleged offenses, that before the commission of those offenses you had been twice convicted of non-state-jail-felony offenses, that they were done consecutive to one another; that is, this scenario. You get convicted, you go to the penitentiary; you get out, commit a new offense, get convicted, go to the penitentiary. They can't be the same pen trip. Two separate pen trips, and they do have to result in pen trips, not successfully completed probated sentences.

If the State can prove all that, then it would, in fact, enhance the punishment range to 25 to life. If the State could prove only one of those convictions and pen trip, it would bump it up. The first-degrees would be bumped up where the minimum term of confinement would go to 15 instead of 5, and -- and then the third-degree would become a second-degree.

You understand all that, right, Mr. Gammons?

[Defendant]: Yes.

6

THE COURT: I thought you did.

After the court explained to Gammons the charges he faced and the available punishment ranges, Gammons entered a plea of guilty to each of the three individual charges as well as a plea of true to the enhancements alleged by the State. The trial court then reiterated its warnings regarding the consequences of pleading true to the enhancements:

> THE COURT: Okay. You're -- so essentially you're pleading true to those two enhancement paragraphs which would apply in each of the three cases, correct, understanding, of course, that if the Court finds that true and then finds you guilty, that would subject you to a punishment range of no less than 25 years nor more than 99 years or a term of life in the penitentiary. You understand that?
>
> [Defendant]: Yes, sir.

Based on Gammons' pleas and the signed plea documents, including a judicial confession, the trial court found that "the evidence submitted today is sufficient for me to find you guilty in each case and enhance you accordingly in each case."

Here, Gammons cannot demonstrate that his plea was involuntary. Under Article 26.13, the trial court admonished Gammons that he could be sentenced to ten years or less and receive community supervision or deferred adjudication. Written admonishments further describing the specific ranges of punishment were signed by Gammons. We find this sufficient to present a prima facie showing that the guilty plea was made knowingly and voluntarily in accordance with Article 26.13. *Martinez*, 981 S.W.2d at 197.

Gammons now bears the burden of lack of voluntariness. He seeks to fulfill his burden by complaining that he relied on community supervision being an available remedy when he "rejected a plea bargain offer of twenty-five years confinement" in order to attempt to pursue a sentence of

community supervision where he "failed to recognize the distinction between" the available remedy of deferred adjudication community supervision and the unavailable remedy of "straight probation."

While the trial court volunteered an admonishment regarding community supervision, Gammons must show that the court's information on the availability of community supervision was inaccurate. *See Williams*, 704 S.W.2d at 776. The trial court informed Gammons that it could place him on deferred adjudication community supervision and "defer further proceedings without actually finding [him] guilty," or possibly sentence him to "10 years or less but then suspend the imposition of that sentence and place [him] on [community supervision] . . . assuming that [the court] did not go forward with the enhanced punishment range that the State seeks." Before Gammons entered his pleas, the court warned him that, if the State proved the two enhancements, it would "enhance the punishment range to 25 to life." Gammons said he understood and pled guilty to the charges and true to the enhancements. The court again warned him that, if it found him guilty, his pleas of true "would subject [him] to a punishment range of no less than 25 years." Given these facts, the court's admonishments adequately explained the difference between deferred adjudication community supervision and regular community supervision and made clear that receiving community supervision was conditioned on the court's findings regarding the enhancement allegations. Further, despite pleading true to the enhancement allegations, Gammons was still eligible for deferred adjudication community supervision, and, on appeal, Gammons twice argues that he rejected a plea bargain offer "in order to attempt to obtain deferred [community supervision]."

8

After reviewing the totality of the circumstances in this case, we conclude that Gammons has failed to show that his pleas were involuntary or unknowing. Therefore, we overrule this point of error.

*(2)*   *No Error Was Preserved Regarding any Knowledge of the Trial Judge Regarding any Enhancement Allegation*

Gammons also argues that the trial judge should have recused himself because he had personal knowledge of disputed facts relating to the enhancement allegations in this case.

Under Rule 18b(b) of the Texas Rules of Civil Procedure,

A trial judge must recuse in any proceeding in which:

> . . . .

> (3)     the judge has personal knowledge of disputed evidentiary facts concerning the proceeding;

> . . . .

> (5)     the judge participated as counsel, adviser, or material witness in the matter in controversy, or expressed an opinion concerning the merits of it, while acting as an attorney in government service;

After the plea hearing, but before the adjudication of guilt and sentencing, the trial judge, the Honorable Eddie Northcutt, discovered that he had previously represented Gammons in a criminal matter in Rains County, Texas, and he dutifully informed the parties. The judge stated that, while Gammons' Rains County case was pending, he was incarcerated due to charges in "Van Zandt or Kaufman, but it was one of the two counties." In the Rains County matter, Gammons "pled guilty to the offense in exchange for a five-year sentence which ran concurrently with

9

whatever [sentence] [he] had." The judge asked if either the State or Gammons had an objection to him hearing the case, and both replied, "No objection."

Gammons contends that the trial judge should have recused under Rule 18b(b)(3) and (5) because the judge had direct, personal knowledge that Gammons had served at least one sentence in the penitentiary and that at least one of the alleged enhancement paragraphs was true. "The parties to a proceeding may waive any ground for recusal after it is fully disclosed on the record." TEX. R. CIV. P. 18b(e). Here, Judge Northcutt fully disclosed the circumstances of his prior representation of Gammons, and Gammons stated that he had no objection to the judge continuing to preside over his case. By failing to file a motion to recuse and stating that he had no objection, Gammons waived this issue. *See* TEX. R. CIV. P. 18b(e).

*(3)*     *The Trial Judge Did Not Serve as Gammons' Counsel Regarding Either Offense Used for Enhancement in this Case*

Gammons further contends that the trial judge was disqualified from presiding over his case.[4] *See* TEX. CONST. art. V, § 11. Specifically, Gammons claims that Judge Northcutt served as his counsel in the Rains County case, a related criminal proceeding relevant to the case for which he appeared before the court, and therefore, the judge was disqualified and his conviction and sentence should be reversed and remanded.[5]

---

[4]Disqualification under Article V, Section 11 of the Texas Constitution may be raised at any time. *Johnson v. State*, 869 S.W.2d 347, 348–49 (Tex. Crim. App. 1994). Although the Court of Criminal Appeals has questioned whether a preservation requirement should be imposed, it has not yet overruled the "line of cases holding that a judge's disqualification may be raised for the first time on appeal." *Lackey v. State*, 364 S.W.3d 837, 842–43 n.19 (Tex. Crim. App. 2012).

[5]A disqualified judge may perform a ministerial act, but "is prohibited from performing any and all acts that call for the exercise of judicial discretion." *Koll v. State*, 157 S.W.2d 377, 379 (Tex. 1941) (concluding disqualified judge's order transferring venue was void). Thus any discretionary orders or judgments by a disqualified judge are void. *See Whitehead v. State*, 273 S.W.3d 285, 289 (Tex. Crim. App. 2008) (if trial judge disqualified under Article 30.01 of

"Since Texas became a state in 1845, judicial disqualification has always been a matter of constitutional dimension." *Tesco Am., Inc. v. Strong Indus., Inc.*, 221 S.W.3d 550, 551 (Tex. 2006).

> No judge shall sit in any case wherein the judge may be interested, or where either of the parties may be connected with the judge, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when the judge shall have been counsel in the case.

TEX. CONST. art. V, § 11.

> No judge or justice of the peace shall sit in any case where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree, as determined under Chapter 573, Government Code.

TEX. CODE CRIM. PROC. ANN. art. 30.01 (West 2006).[6]

There is no contention in the brief that the trial judge was interested in the outcome or related to the parties in this case. Gammons confusingly argues that Judge Northcutt participated in a portion of the matter in controversy because the five-year sentence Gammons served for the Rains County conviction "was one of the alleged enhancement paragraphs in the instant case." While the Rains County five-year sentence was served concurrently with the sentence Gammons

---

Texas Code of Criminal Procedure, conviction is nullity). Therefore, if Judge Northcutt was disqualified from Gammons' case, the acceptance of Gammons' pleas, the adjudication of his guilt, and the court's sentence would be void, and this case would be remanded for new proceedings.

[6]Rule 18b(a) of the Texas Rules of Civil Procedure and Article 30.01 of the Texas Code of Criminal Procedure clarify when a judge is disqualified, but these statutes "expound rather than expand the Constitution." *Tesco Am., Inc.*, 221 S.W.3d at 553. Therefore, regardless of whether disqualification is discussed in terms of Rule 18b(a) or Article 30.01, disqualification is a constitutional issue in this case. *See id.*; *see also Kilgarlin & Bruch, Disqualification and Recusal of Judges*, 17 ST. MARY'S L.J. 599, 602 (1986) (discussing "constitutional statutory provisions" that embody Article V, Section 11 of Texas Constitution).

was serving at the time, the State's enhancement allegations involved convictions in only Kaufman and Van Zandt Counties.

"It has been held . . . that to come within the meaning of 'counsel in the case' in the statute prescribing qualifications of judges, it must appear that the judge acted as counsel [i]n the very case before him." *Hathorne v. State*, 459 S.W.2d 826, 829 (Tex. Crim. App. 1970); *see Madden v. State*, 911 S.W.2d 236, 240 (Tex. App.—Waco 1995, pet. ref'd) (citing *Gamez v. State*, 737 S.W.2d 315, 318 (Tex. Crim. App. 1987)). "A judge is not disqualified simply because he has prosecuted or defended the accused in past cases." *Kuykendall v. State*, 335 S.W.3d 429, 432 (Tex. App.—Beaumont 2011, pet. ref'd). In support of this determination, the *Kuykendall* court relied on *Hathorne*, in which the Texas Court of Criminal Appeals wrote:

> If the State or defense offers prior convictions as part of that "record" where the trial judge served as prosecutor or defense counsel, does this result in an automatic disqualification of the judge and cause a mistrial? Certainly not, even though evidence of such conviction may, in the discretion of the judge or jury, result in an increased or enhanced penalty.

*Hathorne*, 459 S.W.2d at 830. Gammons contends that *Hathorne* should be applied differently depending on whether the presiding judge represented the defendant as counsel for the State or the defense. However, *Hathorne*'s holding states,

> We hold that the mere inclusion in the indictment or information of allegations as to prior convictions (for the enhancement of punishment only) does not disqualify the trial judge because he was of counsel in such prior conviction or convictions for either the State or the defense, not being within the purview of the statutory or constitutional prohibition of being "counsel in the case."
>
> . . . .
>
> To hold otherwise would mean that a judge is not disqualified in a case by the fact he previously prosecuted or defended an accused in another case, or that such prior

12

conviction was used for impeachment purposes or used as a part of the accused's "prior criminal record" but the mere allegation of such conviction for the purpose of enhancement only would work an automatic disqualification. Such would be an illogical result, particularly considering the nature and purpose of the allegation of the prior conviction, it not being a part of the substantive offense, and taking into account our present bifurcated trial system. To permit the disqualification to be too easy could cause the cost and the delay of the administration of criminal justice to go out of bounds.

*Id.* at 833.

Here, Judge Northcutt was not statutorily or constitutionally disqualified. His service as Gammons' counsel in the Rains County case did not come within the meaning of "counsel in the case" as used in the Texas Constitution, in Article 30.01 of the Texas Code of Criminal Procedure, or by Texas courts. We overrule this point of error.

We affirm the trial court's judgment.

                                        Josh R. Morriss, III
                                        Chief Justice

Date Submitted:     July 8, 2015
Date Decided:       August 11, 2015

Do Not Publish



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-15-00027-CR

_____


ROGER DALE GAMMONS, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1423873


Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

In Hopkins County, Texas, Roger Dale Gammons was indicted on two counts of possession of more than four grams but less than 200 grams of a controlled substance and one count of tampering with physical evidence. Gammons entered an open plea of guilty to the charges and pled "true" to the two prior felony enhancements alleged by the State. After a hearing on punishment, the trial court sentenced him to life in prison for each of the three charges, with the sentences to run concurrently. Gammons was convicted as a habitual felon under Section 12.42(d) of the Texas Penal Code due to two prior non-state-jail-felony convictions in Kaufman and Van Zandt Counties. *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2014).

Gammons has filed a single brief in which he raises issues common to all of his appeals. Here, Gammons appeals from his conviction for tampering with physical evidence. He contends (1) that his guilty plea was not voluntary because he was incompletely admonished regarding eligibility for community supervision; (2) that the trial judge erred by failing to recuse himself when he had personal knowledge of disputed facts relating to the enhancement paragraph(s); and (3) that the trial judge erred by failing to recuse himself after having previously served as Gammons' counsel in related criminal proceedings.

We addressed these issues in detail in our opinion of this date on Gammons' appeal in cause number 06-15-00026-CR. For the reasons stated there, we likewise conclude that error has not been shown in this case.

2

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:  July 8, 2015
Date Decided:  August 11, 2015

Do Not Publish

3



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-15-00028-CR

_____


## ROGER DALE GAMMONS, Appellant

## V.

## THE STATE OF TEXAS, Appellee


On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1423874



Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

In Hopkins County, Texas, Roger Dale Gammons was indicted on two counts of possession of more than four grams but less than 200 grams of a controlled substance and one count of tampering with physical evidence. Gammons entered an open plea of guilty to the charges and pled "true" to the two prior felony enhancements alleged by the State. After a hearing on punishment, the trial court sentenced him to life in prison for each of the three charges, with the sentences to run concurrently. Gammons was convicted as an habitual felon under Section 12.42(d) of the Texas Penal Code due to two prior non-State-jail-felony convictions in Kaufman and Van Zandt Counties. *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2014).

Gammons has filed a single brief in which he raises issues common to all of his appeals. Here, Gammons appeals from his conviction on the second count of possession of more than four grams but less than 200 grams of a controlled substance. He contends (1) that his guilty plea was not voluntary because he was incompletely admonished regarding eligibility for community supervision; (2) that the trial judge erred by failing to recuse himself when he had personal knowledge of disputed facts relating to the enhancement paragraph(s); and (3) that the trial judge erred by failing to recuse himself after having previously served as Gammons' counsel in related criminal proceedings.

We addressed these issues in detail in our opinion of this date on Gammons' appeal in cause number 06-15-00026-CR. For the reasons stated there, we likewise conclude that error has not been shown in this case.

We affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:    July 8, 2015
Date Decided:    August 11, 2015

Do Not Publish

3